TIMMONS v. TURNER, ADM'R.

1. JURISDICTION—ACCOUNT—CHATTEL MORTGAGE.—THE COURT OF COMMON PLEAS has jurisdiction of an action on account for goods sold after a claim and delivery suit, under a chattel mortgage given to secure the account had been dismissed, because prematurely brought.

2. ESTOPPEL—RES JUDICATA—ACCOUNT—CHATTEL MORTGAGE.—A party is not estopped from suing an account because an action had been prematurely brought under a chattel mortgage given to secure it, which action had been dismissed.

Before BUCHANAN, J., Florence, September, 1898. Affirmed.

Action by M. L. Timmons against D. C. Turner, admin-

istrator of R. W. Turner, R. C. McLendon, sheriff, and J. W. McCown, clerk, on the following complaint:

I. That on the 28th day of February, A. D. 1894, the defendant, R. W. Turner, in consideration of advances which this plaintiff at the same time agreed to make to said defendant for agricultural purposes, executed to this plaintiff a lien on the crop or crops to be made on the R. W. Turner plantation, in Florence County, during the year 1894, to the extent of the amount to become due for said advances so to be made, a copy of which said lien is hereto appended and made a part of this complaint and marked exhibit "A."    II. That on the 28th day of February, A. D. 1894, in consideration of advances to be made, and in order to further secure the full amount due or to become due for said advances so to be made to the defendant by this plaintiff, said defendant executed and delivered to this plaintiff a chattel mortgage of the following described personal property, to wit: one bay mare mule, named Kit; one cow and yearling, color red and white, butt-headed; one steer, three years old, color red, butt-headed; also, all crops grown on said plantation during the year 1894: a copy of which mortgage is hereto attached and made a part of this complaint, and marked exhibit "B," said mortgage and lien above referred to being included in one paper.    III. That, relying on said securities, this plaintiff made advances during the said year to the defendant, to the amout of $150.12, including the bill of sale hereinafter referred to as having been assigned by G. A. Norwood & Co. to this plaintiff, and that no part of the amount due for said advances has been paid except as hereinafter stated.    IV. That on the 14th day of December, A. D. 1894, the defendant herein had not paid anything toward discharging his indebtedness to the plaintiff herein, and had denied his liability for the advances made under the lien and bill of sale or mortgage described in paragraphs I. and II. hereof, and had declared to this plaintiff that he did not intend to pay said amount or any part thereof; and for this reason and for the purpose of enforcing his securities, said defendant having

stated to this plaintiff that he had disposed of said property covered by said securities, this plaintiff began proceedings in claim and delivery under mortgage described in paragraph II. hereof, to obtain possession of the personal property covered by said mortgage, alleging that defendant wrongfully detained same, and demanding possession thereof and damages. V. That at the same time in the proceeding bond was given by the plaintiff, and the following personal property was seized by the sheriff of Florence County, to wit: six stacks of rice straw, three banks sweet potatoes, seventy-five bushels of corn, more or less, one lot of seed cotton, two stacks of fodder, and five head of cattle, as described in the mortgage above set forth, and the same not having been replevied by defendant, was delivered to the plaintiff as by law provided. VI. That the rice straw, sweet potatoes, corn, fodder, and cattle, by direction of plaintiff, were advertised and sold by her agent, and the proceeds paid to this plaintiff; but plaintiff is informed and believes that the seed cotton was removed from the custody of the sheriff by defendant, before same could be turned over to this plaintiff, but that it was sold by the defendant or his agent, and the proceeds of said sale or a part thereof was deposited with the clerk of the court of common pleas of Florence County, to await the termination of the said action. VII. That the defendant herein answered the complaint in said claim and delivery proceeding, setting up for the first time in amended answer, the first answer having been stricken out on demurrer, that the papers were fraudulently executed, and also that no amount was due under the mortgage when the action was commenced, and demanding judgment for the return of the property and damages. VIII. That on the          day of
    , A. D. 1896, the issues thus raised came on to be heard before his Honor, Judge W. C. Benet, and a jury; that as plaintiff is informed and believes, under instructions from his Honor, Judge Benet, to the effect that no amount was due under said chattel mortgage at the time when action was commenced, and that the action was premature, a verdict

was rendered in favor of the defendant for return of the property, or in case that could not be had, then for its value, and fixed its value at $134.76. IX. That plaintiff alleges that the grounds on which said jury based said verdict were that the mortgage debt was not due when action was commenced and that the action was premature, under charge of the Judge that the paper was not due at time action was brought, and hence the jury could not find for plaintiff, and not on the ground that papers were fraudulently executed. X. That in pursuance of said verdict, a judgment was entered up, a copy of which is hereto attached and made a part of this complaint, and marked exhibit "C." XI. That on the 10th day of February, A. D. 1893, the defendant herein executed and delivered to G. A. Norwood & Co., merchants, of Charleston, S. C., a bill of sale covering the same cattle that were conveyed in the mortgage to this plaintiff above referred to, a copy of which bill of sale is hereto appended and marked exhibit "D." XII. That before the commencement of this action above set forth, said bill of sale was duly assigned by G. A. Norwood & Co. to this plaintiff, M. L. Timmons having paid G. A. Norwood & Co., at the request of the defendant, therefor the sum of $60.47, on or about the 28th day of February, A. D. 1894, and plaintiff has retained said Norwood bill of sale, it having been duly assigned to her, and took same as security for the advance, and plaintiff is now the owner and holder thereof, and no part of the amount due thereon has been paid by discount or otherwise. XIII. That plaintiff is informed and believes that she is entitled to the possession of the property in dispute, under and by virtue of said lien, above described, and under and by virtue of said bill of sale set forth in the complaint in paragraph XI. above. XIV. That plaintiff has no remedy at law by which she may enforce her securities so as to reach the specific property, for the reason that the said property has been consumed and disposed of, and from the further fact that defendant is totally insolvent, and is threatening to enforce the judgment above described, in violation of the

equities of plaintiff. XV. That the defendant is indebted to the plaintiff for advances as set forth, in the sum of $150.12, with interest at legal rate from 28th February, A. D. 1894, together with reasonable attorney's fees for the collection of said debts, as provided in the said lien and mortgage, no part of which has been paid by discount or otherwise.

Wherefore, this plaintiff prays: (1.) That the sheriff of Florence County be enjoined and restrained from enforcing the judgment above set forth or any execution issued or to be issued in pursuance thereof against the property of plaintiff until this action be determined. (2.) That the clerk of the court of common pleas for Florence County be enjoined and restrained from paying over to any person or persons whatsoever, the amount now in his hands derived from the sale of the seed cotton covered by the lien above referred to, until the determination of this action. (3.) That this plaintiff may have judgment against the defendant, R. W. Turner, in the sum of $150.12, with interest at the legal rate from the 28th day of February, A. D. 1894, and costs and reasonable attorney's fees as provided for, and that said judgment may be decreed a set off against the judgment and costs obtained by the defendant against this plaintiff as set forth above. (4.) That it may be decreed that this plaintiff is entitled to the property in dispute, or if that cannot be had, then for the value thereof, and that the same be set off against the terms of the judgment obtained by defendant, and judgment for the amount of money in the hands of the clerk of the court arising from the sale of cotton covered by the lien above set forth. (5.) That the clerk of this court may be ordered to turn over to plaintiff the amount in his hands from the sale of said cotton. (Sworn to.)

Defendants demurred to the complaint on the grounds: 1st, that this Court has no jurisdiction to try the cause; and 2d, because the complaint does not state facts sufficient to constitute a cause of action.

From order overruling demurrer, defendants appeal on

the following grounds: "First. Because his Honor erred in overruling defendants' demurrer, when the law Court in which a recovery has already been had afforded an adequate remedy. Second. Because his Honor erred in overruling defendants' demurrer, inasmuch as a Court of Equity has no jurisdiction to review a case heard in a Court of concurrent jurisdiction. Third. Because his Honor erred in overruling defendants' demurrer, thereby causing equity to violate the rules of law to give relief. Fourth. Because his Honor erred in overruling defendants' demurrer, and in not holding that all of the issues involved in this suit in equity had been fully and fairly tried at law, and that the verdict of the jury in the law Court was conclusive of all issues involved. Fifth. Because his Honor erred in not sustaining defendants' demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, because it neither gives the charge nor purports to give the substance of the charge of the presiding Judge. Sixth. Because his Honor erred in overruling defendants' demurrer, and in not holding that all of the facts relied upon by plaintiff are *res judicata.*"

*Messrs. Johnsons & Wells* and *Junius H. Evans,* for appellant, cite: *This is an effort by bill in equity to review a law case which is not admissible:* 6 Rich. Eq., 287; 14 Rich. Eq., 154. *Action of claim and delivery supercedes old action for trover, where adequate remedy at law, equity has no jurisdiction:* 1 McC., 56, 506; 3 S. C., 215; 1 McC., 333. *Plaintiff's remedy was appeal:* 1 Hill, 22. *Under facts plaintiff is estopped from bringing this action:* 3 Strob., 145. *The questions raised are res judicata:* 1 N. & McC., 329; 1 McC., 163; Bail. Eq., 110, 152, 179, 284, 326. *In case of this kind question of defendant's insolvency is immaterial:* 34 S. C., 452.

*Messrs. Wilcox & Wilcox,* contra, cite: *Demurrer will not be sustained if allegations show plaintiff entitled to any relief:* 47 S. C., 321.

July 10. 1899. The opinion of the Court was delivered by

Mr. Justice Pope. This is an appeal from the order of Judge Buchanan, at September term, 1898, of Court of Common Pleas for Florence County, overruling a demurrer by the defendants to the plaintiff's complaint on the two grounds that the Court did not have jurisdiction, and that the complaint failed to state facts sufficient to constitute a cause of action. The complaint with its exhibits will be reported. *From the complaint* it seems that the plaintiff brought a former action in claim and delivery as the holder of the mortgage executed by the defendant's *intestate,* R. W. Turner, to the plaintiff, to secure a debt of $150.12, and that when such action came on for trial before Judge Benet and a jury, in September, 1896, on the ground that such mortgage debt was not due when the action was commenced, and that the action was premature, under the charge of Judge Benet to that effect, the jury found a verdict in favor of the defendant, R. W. Turner; that the cause of action of plaintiff's present action is to recover the sum of $150.12, with interest thereon from 28th February, 1894, which sum was due for advances made by the plaintiff to the said R. W. Turner in his lifetime, and for the sum of $60.47 paid to the firm of G. A. Norwood & Co., at the said R. W. Turner's request, for the assignment to her of the bill of sale executed by R. W. Turner to said G. A. Norwood & Co. in 1893, for one mule, one ox, two cows and calves, and six hogs, which were at that date in the possession of the said R. W. Turner, and that said bill of sale is now held and owned by the plaintiff. That R. W. Turner departed this life after the present action was commenced, and that the defendant, D. C. Turner, has been duly appointed the administrator of his personal estate.

The six grounds of appeal presented to the order of Judge Buchanan raise but two questions: *first,* did the Court have jurisdiction to try this case? and, *second,* did the complaint state facts sufficient to constitute a cause of action?

Let the grounds of appeal be reported. In the first, second and fourth grounds of appeal the appellants use language from which one would infer that they meant to assert that a Court of Law and a Court of Equity still exist as separate Courts, but such is not the case; the same Court, the Court of Common Pleas, now exercises, under the Constitution of the State, both jurisdictions. It is quite true that the principles of equity still subsist in all their pristine splendors, and are enforced in the Court of Common Pleas, and it is also true that the common law, in all of its rugged strength, still leads to the exercise of the right of a trial by jury, but one Court now does for both. The Circuit Judge gave no reason for his conclusion that he had jurisdiction to try the case, but no doubt he was able to see no force in the suggestion of a want of jurisdiction in the Court of Common Pleas to try the case now at bar, because, as suggested by the appellants, it would be a Court of Equity upsetting the judgment of a Court of Law. The complaint does not suggest such a course; it makes the jurisdiction of the Court of Common Pleas to try the cause, to depend upon the allegations that plaintiff has never had before any Court the cause of action now presented. The Circuit Judge would have admitted, if he had desired that a different conception existed touching his assertion of full jurisdiction in the Court over which he presided to try the present action, that such jurisdiction did not arise from the Court of Common Pleas, in the exercise of its equity powers, having the right to either control or supervise proceedings or actions which legitimately belonged for trial to the common law powers exercised by the Court of Common Pleas—but, on the contrary, that the present was a new action, with no connection with any previous action. The exceptors can gain nothing from their grounds of appeal as to the jurisdiction of the Circuit Court.

We will now dispose of the questions suggested by the grounds of appeal relating to the want of facts in the complaint sufficient to constitute a case of action. When we

32—55

remember that in the case of a demurrer all the allegations of fact, which are material, are, for the purposes of the demurrer, deemed to be admitted by the person who demurs, we are made to realize that no matter how strong the defense not included in the demurrer may be to plaintiff's cause of action, they are, for the time being, lost to the demurrants. Their demurrer must stand or fall upon the allegations of fact in the complaint. Now, when reduced to its final analysis, what do we find these allegations of fact in the complaint to be? Simply this, that the plaintiff having a cause of action against the defendant, Turner's, intestate for claim and delivery of certain personal property *under a mortgage of* said personal property to secure a debt of $150.12, due to the plaintiff, brought an action to enforce the said cause of action, and because the mortgage had not its condition broken, the Circuit Judge, Judge Benet, instructed the jury that the plaintiff could not recover, and the jury accordingly returned a verdict for the defendant. Such are the allegations of the present complaint, and, as before stated, the defendants, for the purposes of their demurrer, admit these facts. When we examine the present complaint, as to its cause of action, we find that the plaintiff does not seek a retrial of the issue as to a claim and delivery arising from a chattel mortgage, but she seeks a recovery of a debt for supplies furnished to the said R. W. Turner, for which she gave an agricultural lien, and for a debt which the plaintiff holds against the defendant's intestate by reason of the bill of sale executed by the defendant's intestate to G. A. Norwood & Co. and now held by the plaintiff. This Court has repeatedly held that such an action can be maintained. *Wagener & Co.* v. *Kirven,* 52 S. C., 34; also, *Stoddard & Co.* v. *McIlwaine,* 9 Rich., 451; *Sease* v. *Dobson,* 34 S. C., 345. It would be a sad day for the cause of justice, if an honest debt could be swept out of existence, so far as the right to sue for the same is concerned, simply because an action had been *prematurely* brought on a mortgage given to secure it. In the case cited from 9 Rich.,

*supra*; the plaintiffs had been cast in their suits on three notes given for a debt, simply because they were not able to prove at the trial that the person who acted as agent of the defendant, in signing the defendant's name to such notes, was really defendant's agent, with power to sign the notes in question. So they brought suit on the account of goods sold and delivered; when the defendant pleaded *res judicata* as an estoppel, the Court unanimously held that the first suit was no estoppel. It is useless to multiply words on this subject, these exceptions must be overruled. But again, we say our judgment merely extends *to the demurrer* and *not* to any defenses the defendants may by answer submit.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.